**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WESLEY C. LEE**, <br><br> Plaintiff, <br><br> v. <br><br> **VALVOLINE INSTANT OIL CHANGE,** *et al.*, <br><br> Defendants. | Civil Action No. 21-12825 (ZNQ) (DEA) <br><br> **OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon a Motion to Dismiss under Fed. R. Civ. Pro. Rule 12(b)(6) ("Motion," ECF No. 5) and a brief supporting the Motion ("Motion Br.," ECF No. 5-1) filed by Valvoline Instant Oil Change, Steven Knight, and Mark Dougherty ("Defendants"). Plaintiff Wesley C. Lee opposed the Motion with a certification ("Opp'n Br.," ECF No. 7), to which Defendants replied ("Reply Br.," ECF No. 8). Plaintiff filed a second certification in opposition ("Sur-Reply," ECF No. 9), which the Court construed as a sur-reply certification (ECF No. 11). With leave of Court, Defendants again responded. ("Sur-Surreply," ECF No. 12.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT IN PART** and **DENY IN PART** the Motion as set forth below. A corresponding Order follows.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

*Pro se* plaintiff Wesley C. Lee ("Plaintiff") filed a complaint ("Complaint", ECF No. 1) on June 22, 2021, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. (Compl. at 5.) According to the Complaint, Defendants harassed him, retaliated against him, and wrongfully terminated his employment based on his race, color, and gender or sex. (*Id.* at 6.) Prior to filing his Complaint, Plaintiff filed a Charge of Discrimination with the New Jersey Division of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"). ("Charge," ECF No. 1-2).

In his Charge, Plaintiff stated that he began working for Valvoline in June 2018 in the position of Senior Technician. (Charge at 1.) On August 30, 2019, Steven Knight, Plaintiff's service center manager, harassed Plaintiff by "physically pressing against [him], placing his hands on [him], poking [him,] and grabbing [him] by [his] arm and neck while [he] was talking to customers." (*Id.*) Plaintiff stated that Knight engaged in this behavior continuously until at least October 24, 2019. (*Id.*)

The Charge itself indicates that it was digitally signed (and presumably submitted) by Plaintiff on October 30, 2019. (Charge at 1.) Thereafter, Plaintiff received a Notice of Right to Sue from the EEOC in the beginning of February 2020, which he attached to his Complaint.[1] ("EEOC Letter", ECF No. 1-3).

---

[1] When Plaintiff received the EEOC Letter is of some significance to this Motion given that the principal issue is whether the Complaint was filed within the relevant statute of limitations, as discussed *infra*. At one point, Plaintiff represents that he received the EEOC letter on January 23, 2020. He did this by hand writing that date into a relevant blank space provided on his form complaint. (Compl. at 7) ("The Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter, which I received on **Jan 23, 2020**.") This date of receipt, however, is at odds with a second representation Plaintiff makes in another attachment he appended to his Complaint, a letter to the Court dated June 18, 2021, in which he asserts that he "did not received the [EEOC] letter until the beginning of February" and he recognizes that "[t]he letter was mailed January 23, 2020." ("June 2021 Letter", ECF No. 1-3.) The Court notes that the face of the EEOC Letter shows that it was mailed out on January 23, 2020. It is therefore less likely that Plaintiff received it on the same date it was mailed than Plaintiff, as a *pro se* litigant, mistakenly identified the mailed-out date as his date of receipt. Based on this reasoning and construing the Complaint in its most favorable light, the Court finds for the purposes of this Motion that Plaintiff received the EEOC letter in the beginning of February 2020, and

2

In relevant part, the EEOC Letter states that Plaintiff's lawsuit "must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost." (*Id.*) (emphasis in original). In his June 2021 Letter, Plaintiff sets forth several reasons why he was late in filing his Complaint, including: his belief that the pandemic suspended his EEOC Letter deadline; the closure of the federal government and New Jersey Federal District Court; inability to receive an extension to the 90-day deadline from the EEOC due to the pandemic. In a letter attached to his Complaint and in his briefing on the Motion, Plaintiff also cites reasons to toll his deadline: the death of his grandfather due to the COVID-19 virus; a potential eviction; and not receiving any funds that were released throughout the pandemic. (June 2021 Letter attached as Exhibit 1-3 to the Complaint[2]; Sur-Reply at 1–2.)

Plaintiff's employment was terminated on January 17, 2020 by Mark Dougherty[3] due to "willful misconduct and inappropriate behavior." ("Personnel Action Form", ECF No. 7, at 4.) The Personnel Action Form stated that Plaintiff was "actively involved in a hostile argument with a coworker in the bay area with a customer present" on the previous day. (*Id.*) In the reason for action section of the Personnel Action Form, the boxes for abusive behavior, inadequate customer service, improper conduct, violation of company policy, and inability to work with others are ticked. (*Id.*) Plaintiff also alleges that his credit card was stolen and used to "buy and celebrate lunch" by an assistant manager on January 25, 2020. (Compl. at 6; Opp'n Br. at 6.) Plaintiff reported this incident to the Piscataway Police Department on the same day. (Opp'n Br. at 5–6.)

---

the Court accords it the latest date within the first half of February, which is February 14, 2020. *See Sillas v. Holdings Acquisitions Co. LP*, No. 20-3556, 2021 WL 4206169, at *2 (3d Cir. Sept 16, 2021) (holding that district court erred by applying the Rule 6(d) presumption in the context of a motion to dismiss because it deprived the plaintiff of the opportunity to rebut the presumption.)

[2] Given that the June 2021 Letter was attached to the Complaint, the Court will also treat, *infra*, certain allegations made in that letter as part of the Complaint.

[3] The Personnel Action Form is addressed as "FROM Mark Dougherty," but it is unsigned. Although it was not explicitly cited by or attached to the Complaint, the Court nevertheless relies upon it for the purposes of this Motion because it is integral to Plaintiff's claims that he was terminated in retaliation for his complaint to the EEOC. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court is required to accept as true all allegations in the complaint and to draw all possible inferences in the light most favorable to the non-movant. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a plaintiff must state facts sufficient to give rise to a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Although courts do not have unlimited flexibility with respect to *pro se* plaintiffs, *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239 (3d Cir. 2013), the Court must construe *pro se* pleadings liberally in the interest of "substantial justice". *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Garret v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (courts "are more forgiving of pro se litigants for filing relatively unorganized . . . complaints.").

A motion to dismiss for timeliness and exhaustion under Title VII is appropriately treated under Rule 12(b)(6). *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). When doing so, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B. **Title VII and Equitable Tolling**

Under Title VII, a prospective plaintiff must file a charge with the EEOC "within one hundred eighty days after the alleged unlawful employment practice occurred" or "within three hundred days" if the prospective plaintiff initially filed with a state agency. 42 U.S.C. § 2000e-5(e)(1); *see National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108–114 (2002) (applies to claims of discrete discriminatory or retaliatory acts, but hostile work environment claim will not be barred if "all acts constituting the claim are part of the same unlawful practice and at least one act falls within the filing period"). "A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Morgan*, 536 U.S. at 110. "In a deferral state such as New Jersey, a prospective Title VII plaintiff has 300 days [from the date of the incident] to file a charge with the EEOC." *Cortes v. University of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 310 (D.N.J. 2005).

If the EEOC dismisses a plaintiff's charge, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1). Thus, the statute creates a 90-day period that is treated as a statute of limitations. *Lewis v. Postmaster General*, Civ. No. 21-2958, 2022 WL 109007 (3d Cir. Jan. 12, 2022); *see Morgan*, 536 U.S. at 110; *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). The Third Circuit has construed the limitations "provision to mean that the time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decisions, which usually occurs on the date he receives a right-to-sue letter from the agency." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

Prior to seeking judicial relief under Title VII, a plaintiff must exhaust all administrative remedies. *See Kopko v. LeHigh Valley Health Network*, 776 Fed.App'x. 768, 773 (3d Cir. 2019). "The parameters of the civil action in the district court are defined by the scope of the EEOC

5

investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission." *Green v. Potter*, 687 F.Supp.2d 502, 515 (D.N.J. 2009) (citations omitted); *see Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 399 (3d Cir. 1976 (indicating that the analysis depends on whether the judicial complaint's additional allegations "may fairly be considered explanations of the original [administrative] charge and growing out of it").

"[Since] the filing of an administrative charge and receipt of a right to sue letter are statutory prerequisites to commencing a civil action and not jurisdictional prerequisites, courts have held that they are subject to equitable modifications, such as tolling, in limited circumstances." *Husick v. Allegheny County*, Civ. No. 07-1175, 2009 WL 1743917, at *8 (W.D. Pa. June 18, 2009); *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Oshiver v. Levin,* 38 F.3d 1380, 1387 (3d Cir. 1994), <u>abrogated on other grounds</u> by *Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018).  The Supreme Court has cautioned, however, that such tolling should be applied sparingly.  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

The Third Circuit has instructed lower courts that there are "three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver,* 38 F.3d at 1387. A plaintiff has the burden to demonstrate that he exercised reasonable diligence and that equitable tolling is warranted. *Byers v. Follmer Trucking Co.*, 763 F.2d 599, 600–01 (3d Cir.

1985). "[T]he determination of whether a party exercised reasonable diligence for purposes of equitable tolling is typically within the province of a jury unless the facts are so clear that reasonable minds could not differ." *Husick*, 2009 WL 1743917, at *9 (quoting *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004)).

## III.   DISCUSSION

The Court finds, after careful review of the required administrative procedures and the facts alleged in the Complaint, that not all of Plaintiff's claims were encompassed in his Charge and EEOC Letter. *See* Potter, 687 F.Supp.2d at 512. Accordingly, the Court will separate the above facts into two periods. First, the Court will consider the discrimination claims alleged in both the EEOC letter and the Complaint. Next, the Court will consider the post-Charge allegations, *i.e.*, retaliation claims and wrong termination claims related to events between October 30, 2019 (the filing date of Plaintiff's Charge) and January 25, 2020 (the date the Plaintiff reported the credit card theft).

### A.   Actions Related to the Charge

Defendants argue that Plaintiff is barred from pursuing his claims because he failed to file suit within 90 days of receipt of the EEOC Letter. (Motion at 2–6; Reply Br.; Sur-surreply.) Here, the Court has already found, *supra*, that for the purposes of the Motion, Plaintiff received the EEOC Letter on February 14, 2020. Under the statute, his deadline to file suit therefore expired 90 days later on May 14, 2020. Inasmuch as the Complaint was not filed until June 22, 2021—more than a year after the deadline—the Court finds that the Complaint is untimely.

Plaintiff's only relief with respect to timeliness would be equitable tolling to bridge the gap between May 14, 2020 and June 22, 2021. *See Oshiver*, 38 F.3d at 1387. As set forth above, however, courts are wary of applying equitable tolling and primarily apply it only: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the

plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id; cf. Chilcott v. Erie County Prison*, 774 Fed. App'x. 99, 101 (3d Cir. 2019) ("a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense.").

The Court finds that situations (1) and (3) are inapplicable here because Plaintiff did not sustain his burden of proving that he is entitled to relief under either situation. *Byers*, 763 F.2d at 600–01. With respect to situation (2), Plaintiff provides the following reasons[4]: the death of his grandfather due to the COVID-19 virus; a potential eviction; and not receiving any funds that were released throughout the pandemic.

Although the Court is saddened to hear that Plaintiff dealt with the death of a family member, faced eviction, and dealt with other hardships throughout the pandemic, he has not shown that he diligently sought to exercise his rights throughout the period. Unfortunately, the law is clear: bare assertions of adversity are not sufficient to warrant tolling. *See Irwin*, 498 U.S. at 96; *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Gager v. Principi*, 300 Fed. App'x. 30, 30–31 (2d Cir. 2008) ("Although Gager contends that she lost track of time and dates due to deaths in her family and her father's illness, these circumstances are insufficient

---

[4] Plaintiff also believed that the courts and government were closed; as such, he alleges that he was unable to file suit, excused from the deadline, and/or otherwise could not receive an extension on his right-to-sue deadline. (Sur-Reply at 1–2.) Unfortunately, the Court was not. *See Morgan v. Simmons*, Civ. No. 20-9977, 2022 WL 279767, at *1 (D.N.J. Jan. 31, 2022) ("the Court remained open and accessible to members of the public at all times [between March and August 2020] and countless lawsuits were timely filed in that period."). The District's Standing Orders 2020-02, 2020-03, and 2020-04 ("Initial Standing Orders") expressly provided that any applicable statute of limitations was not tolled or extended. Effective until June 1, 2021, Standing Order 2020-12 and each of its extensions also expressly noted that the order does not toll or extend any applicable statutes of limitations. *See, e.g.*, District of New Jersey Third Extension of Standing Order No. 2020-12 (effective Dec. 17, 2020), ¶ 5, https://www.njd.uscourts.gov/sites/njd/files/3d_Ext_SO_20-12_Stamped.pdf (last visited Mar. 9, 2022). As such, the Court finds that it was not closed during the relevant times.

to warrant equitable tolling because she did not act diligently during the ninety-day period."); *Husick*, 2009 WL 1743917, at *7–9 (court equitably tolled deadline by 95 days when a plaintiff actively asked EEOC employees about deadlines and was misinformed that he had 300 days, rather than the correct 180 days, to file his complaint). The Court has little doubt that each situation may have caused Plaintiff delay in filing a complaint, but his circumstances do not explain his apparent failure to even attempt to exercise his rights under the EEOC Letter.[5] Accordingly, on this record, the Court finds the facts clearly show there is no adequate basis to toll Plaintiff's deadline and concludes that the discrimination claims encompassed by his EEOC Letter must be barred as untimely.

### B. Post-Charge Allegations

As a separate matter, the June 2021 Letter attached to the Complaint—which the Court construes as part of the Complaint—makes additional allegations that are outside the scope of the EEOC Letter, including that he was "falsely terminated, retaliated against, and humiliated" and that his credit card was stolen. (June 2021 Letter.) In light of their context, the Court construes these as further alleged violations of Title VII. While the burden to seek dismissal rests with Defendants, they have not done so here and it would be improper for the Court to raise *sua sponte* the potential issue of failure to exhaust administrative remedies. *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) ("the burden of pleading and proving that [the plaintiff] has not exhausted her administrative remedies in a timely way rest[s] on the [defendant]."); *McIntyre v. City of Wilmington*, 360 Fed. App'x. 355, 356 (3d Cir. 2010) ("failure to exhaust is an affirmative defense and should not be the basis of a sua sponte dismissal.").

---

[5] The difference between the date of Plaintiff's receipt of the EEOC Letter and the filing of the Complaint is 404 days.

IV.     **CONCLUSION**

For the reasons stated above, the Court will GRANT IN PART and DENY IN PART the Motion to Dismiss.  The Court will GRANT the Motion insofar as it dismisses with prejudice as time-barred Plaintiff's Title VII discrimination claims encompassed by his EEOC Letter.  The Court will DENY the Motion with respect to the claims in the Complaint (as construed by the Court to include the June 2021 Letter) that are outside the scope of Plaintiff's EEOC Letter.  A corresponding Order follows.

Date: **March 30, 2022**

                                                                s/ Zahid N. Quraishi
                                               **ZAHID N. QURAISHI**
                                               **UNITED STATES DISTRICT JUDGE**