NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WESLEY C. LEE**, <br><br> Plaintiff, <br><br> v. <br><br> **VALVOLINE INSTANT OIL CHANGE,** *et al.*, <br><br> Defendants. | Civil Action No. 21-cv-12825 (ZNQ) (DEA) <br><br> OPINION |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Summary Judgment under Fed. R. Civ. Pro. Rule 56 ("Motion", ECF No. 36) filed by Valvoline Instant Oil Change, Steven Knight, and Mark Dougherty ("Defendants"). Defendants filed a Brief in Support of the Motion. ("Moving Br.", ECF No. 36-1) along with a Statement of Material Facts Not in Dispute ("SOMF", ECF No. 37-2). Pro Se Plaintiff Wesley C. Lee ("Plaintiff") filed a Certification in Opposition. ("Opp'n Cert.", ECF No. 38.)[1] Defendants filed a Reply. ("Reply", ECF No. 39.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument

---

[1] In response to the Motion, Plaintiff filed a one-page "Certification in Opposition to Motion for Summary Judgment" devoted largely to re-arguing the merits of the Complaint. The certification does not include a responsive statement of material facts.

pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, the Court will **GRANT** the Motion.

I.     BACKGROUND AND PROCEDURAL HISTORY

The Complaint ("Complaint", ECF No. 1) alleges discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*  (Compl. at 5.)[2]  According to the Complaint, Defendants harassed him, retaliated against him, and wrongfully terminated his employment based on his race, color, and gender or sex.  (*Id.* at 6.)

Prior to filing his Complaint, Plaintiff filed a Charge of Discrimination with the New Jersey Division of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"). ("Charge," ECF No. 1-2).  In his Charge, Plaintiff stated that he began working for Valvoline in June 2018 in the position of Senior Technician.  (Charge at 1.)  On August 30, 2019, Steven Knight, Plaintiff's service center manager, harassed Plaintiff by "physically pressing against [him], placing his hands on [him], poking [him,] and grabbing [him] by [his] arm and neck while [he] was talking to customers."  (Id.)  Plaintiff stated that Knight engaged in this behavior continuously until at least October 24, 2019.  (Id.)

The Charge itself indicates that it was digitally signed (and presumably submitted) by Plaintiff on October 30, 2019.  (Charge at 1.)  Thereafter, Plaintiff received a Notice of Right to Sue from the EEOC in the beginning of February 2020, which he attached to his Complaint. ("EEOC Letter", ECF No. 1-3).

Plaintiff's employment was later terminated on January 17, 2020 by Mark Dougherty due to "willful misconduct and inappropriate behavior."  ("Personnel Action Form", ECF No. 7, at 4.) The Personnel Action Form states that Plaintiff was "actively involved in a hostile argument with

---

[2] The Court refers to the Complaint by page number because it was not presented in numbered paragraphs.

a coworker in the bay area with a customer present" on the previous day. (*Id.*) In the reason for action section of the Personnel Action Form, the boxes for abusive behavior, inadequate customer service, improper conduct, violation of company policy, and inability to work with others are ticked. (*Id.*) Plaintiff also alleges that his credit card was stolen and used to "buy and celebrate lunch" by an assistant manager on January 25, 2020. (Compl. at 6; Opp'n Cert. at 6.) Plaintiff reported this incident to the Piscataway Police Department on the same day. (Opp'n Cert. at 5–6.)

Plaintiff filed the Complaint in June 2021. On March 31, 2022, this Court granted in part and denied in part a motion to dismiss filed by Defendants. (ECF No. 14.) Plaintiff's Title VII claims encompassed by his EEOC Right to Sue Letter were dismissed. (*Id.*) His claim outside the scope of his EEOC Right to Sue letter were permitted to proceed. (*Id.*) Thereafter, the Court held an initial Rule 16 conference, and the parties engaged in discovery for approximately ten months. On March 30, 2023, Defendants filed the Motion for Summary Judgment now pending before the Court.

**II.      JURISDICTION**

This Court has subject matter jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. § 1331.

**III.     LEGAL STANDARD**

**A.      FEDERAL RULE OF CIVIL PROCEDURE 56**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if supported by evidence such that a reasonable jury could return a verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);

*Kaucher v. County of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006). A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Anderson*, 477 U.S. at 248; *Kaucher*, 455 F.3d at 423. In determining whether a genuine dispute of material fact exists, the Court must view the facts and all reasonable inferences drawn from those facts "in the light most favorable to the [non-movant]." *Matsushita*, 475 U.S. at 587–88. A movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). *See In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) ("When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."). If the movant has shown an absence of material factual dispute, the non-movant then bears the burden to "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).

Although a motion for summary judgment may not be granted by default merely because it goes unopposed, *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990), the motion may be granted if the undisputed facts warrant judgment as a matter of law, *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003); *Houston v. Twp. of Randolph*, 934 F. Supp. 2d 711, 723 (D.N.J. 2013), *aff'd*, 559 F. App'x 139 (3d Cir. 2014).

### B. LOCAL CIVIL RULE 56.1

Local Civil Rule 56.1 requires that a motion seeking summary judgment include a statement of material facts not in dispute and that an opponent of summary judgment shall file "a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents." *Id.*  The rule further provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion*." Id. See Grant v. Revera Inc.*, Civ. No. 12-5857, 2014 WL 7341198, at *2 (D.N.J. Dec. 23, 2014) ("Where . . . a party fails to respond to the movant's statement of undisputed material facts . . . with a precise citation to the factual record where contrary evidence exists, then the Court assumes that the opponent has no evidence raising a genuine dispute with the movant's stated fact."). Thus, in the present case, where Plaintiff has failed to oppose this summary judgment motion, there is no basis to look beyond the Defendants' proper submissions, including their Rule 56.1 statement of undisputed material facts, to determine whether summary judgment should be granted in Defendants' favor.

### IV. DISCUSSION

As a preliminary matter, Defendants contend that because Plaintiff's claims pertaining to any conduct by Defendants prior to October 30, 2019 were dismissed by this Court's March 31, 2022 Opinion and Order, the claim alleging retaliatory credit card theft and termination is the only remaining claim outstanding. (Moving Br. at 7.)  The Court agrees.  It barred Plaintiff's claims that were encompassed by his Right to Sue Letter because he failed to file his suit within 90 days of receiving the Letter.  (ECF No. 13 at 7.)

Defendants also argue that Plaintiff has failed to establish that he exhausted his administrative remedies under the EEOC reporting process as to the alleged retaliatory conduct that occurred after the date of his EEOC charge. (Moving Br. at 8.)

Generally, Title VII requires claimants to file a charge with the EEOC and receive a Right to Sue letter from the EEOC prior to bringing claims in federal court. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469–70 (3d Cir. 2001); 42 U.S.C. § 2000(e)–5(e)(1) (setting forth procedural requirements for a Title VII action). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). A plaintiff's "[f]ailure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) (citing *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999)). Likewise, failure to exhaust administrative remedies is an adequate basis to enter summary judgment. *See Hines v. Vulcan Tools Co.*, 813 Fed. App'x 754 (3d Cir. 2020); *Davis v. Postmaster General of United States*, 773 Fed. App'x 108, 109 (3d Cir. 2019).

Here, the Complaint does not contain any allegation that Plaintiff filed an EEOC claim or obtained a Right to Sue letter with regard to the later retaliatory conduct he alleges. In support of their Motion, Defendants filed a Statement of Material Facts Not in Dispute.[3] They note that Defendants have raised failure to exhaust administrative remedies as an affirmative defense in their Answers. SOMF ¶ 12. Their Statement cites evidence that Plaintiff did not file any claim with

---

[3] Plaintiff did not respond to Defendants' Statement of Material Facts Not in Dispute. Based on Local Civil Rule 56.1(a), Defendants' statement of the material facts is deemed undisputed for the purposes of this Motion.

the EEOC concerning his alleged wrongful termination or charges to his credit card. (*Id*. ¶¶22, 24.)[4]

In response to Defendants' Motion, Plaintiff points to no contradictory evidence in support of his exhaustion. Accordingly, on the limited record before the Court, the undisputed facts demonstrate that Plaintiff has failed to establish the exhaustion of his administrative remedies that is an element required to support a retaliation claim under Title VII. On this basis, the Court concludes that it must enter summary judgment in favor of Defendants.

## V.  CONCLUSION

For the reasons stated above, the Court will GRANT the Motion for Summary Judgment. A corresponding Order follows.

Date: **October 10, 2023**

/s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Defendants' Statement of Material Facts also asserts that Plaintiff's credit card was used by a former fellow employee after Plaintiff's termination and that Plaintiff was fully reimbursed for the use of his credit card. (SOMF ¶ 23.) As noted above, these facts are deemed admitted for the purposes of this Motion.